UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FALCON INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 3:19-CV-00470-X |
| KORPO BORLAY, individually and as next friend of minor child, D.B., EMMANUEL NDEBEH, CYNTHIA BENITEZ, DO-HUI SONG MIN, DAA SOLUTIONS LLC, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Falcon Insurance Company (Falcon) filed its original complaint for declaratory judgment on December 14, 2018. Although all the defendants were properly served with a summons and the complaint, only one (Farmers Texas County Mutual Insurance Company) answered. Falcon filed its motion for entry of default and for default judgment against the nonresponsive defendants on January 2, 2020 [Doc. No. 21]. None of the defendants responded to the motion.

The Court **DENIES WITHOUT PREJUDICE** the motion. Before the Court may consider a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) on its merits, the movant must first seek directly from the Clerk an entry of default in accordance with Rule 55(a). Rule 55(a) says, "When a party

1

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[1]  In its motion, Falcon requests "that the Court enter default."[2]  But Falcon must actually ask the Clerk—not the Court—to do so.  And until the Clerk enters the requested default, the Court may not decide a motion for default judgment.[3]  If Falcon wishes for an entry of default, it must seek it from the Clerk.

**IT IS SO ORDERED** this 21st of May 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. P. 55(a).

[2] Plaintiff's Motion for Default Judgment, at 1 [Doc. No. 21].

[3] As Falcon is aware, Rule 55(b)(2) provides the standard for a default judgment in a case like this (including when, like here, a minor defendant is involved).  The Court also notes that when an action, like here, "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* 54(b).  Otherwise, when "one of multiple defendants has defaulted, 'judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants[.]'" *Bank of America, NA v. Vandenburg*, 2020 WL 1640344, at *2 (N.D. Tex. Apr. 2, 2020) (quoting *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010)).  *See also Underwriters at Lloyds*, 2010 WL 5583118, at *2 (explaining that although the general rule to not grant final judgment as to some defendants is when there is alleged joint and several liability, the same reasoning "probably can be extended to situations in which several defendants have closely related defenses" (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Fed. Prac. and Proc. Civ. § 2690 (3d ed. 1998))).