UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FALCON INSURANCE COMPANY, § § *Plaintiff,* § § v. § § KORPO BORLAY, individually and as next friend of minor child, D.B., EMMANUEL NDEBEH, CYNTHIA BENITEZ, DO-HUI SONG MIN, DAA SOLUTIONS LLC, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, § § § § § § § § § § § *Defendants.* § | Civil Action No. 3:19-CV-00470-X |

## **MEMORANDUM OPINION AND ORDER**

An unlicensed 15-year old was driving a Toyota Rav4. What could go wrong? Everything.[1] The minor drove the car into a Metro PCS store—allegedly. This insurance coverage dispute resulted. There are three motions before the Court.

First, Defendant Liberty Mutual Insurance Company (Liberty Mutual) sought relief from an entry of default [Doc. No. 27]. Plaintiff Falcon Insurance Company (Falcon) is unopposed. The Court **GRANTS** Liberty Mutual's motion.

Second, Falcon moved for leave to amend its complaint for the purpose of replacing Liberty Mutual with Ohio Security Insurance Company (Ohio Security) as

---

[1] *Cf.* Ferris Bueller's Day Off (1986).

1

a defendant [Doc. No. 29]. The appearing defendants—Farmers Texas County Mutual Insurance Company (Farmers) and Liberty Mutual—are unopposed. The Court **GRANTS** Falcon's motion for leave to amend and **DIRECTS** the Clerk to file Falcon's first amended complaint [Doc. No. 29-1]. Under Local Rule 7.1(e), the defendants will have 21 days to answer or otherwise respond to the complaint after it is filed.

Third, Falcon also moves again for default judgment [Doc. No. 24] against defendants Korpo Borlay, individually and as next friend of minor child, D.B., Emmanuel Ndebeh, Cynthia Benitez, Do-Hui Song Min, and DAA Solutions, LLC (defaulting defendants). The Court **DENIES** Falcon's motion.

## I. Factual Background

This case arises from an insurance claim for alleged personal and property damage involving an automobile accident on March 24, 2018 in Dallas, Texas. The driver—D.B., an unlicensed minor—allegedly crashed a 1999 Toyota Rav4 into a Metro PCS store owned by Defendant DAA Solutions, LLC (DAA Solutions). Falcon received a subrogation demand for reimbursement on payments made on behalf of DAA Solutions, which was allegedly presented to Falcon on "Liberty Mutual Letterhead."[2] Believing Liberty Mutual was the property insurer of DAA Solutions, Falcon included Liberty Mutual as a party to its original complaint seeking declaratory judgment that Falcon is not liable for the coverage of Defendants Korpo

---

[2] Falcon's Unopposed Motion for Leave to File First Amended Complaint (Motion for Leave to Amend), at 3 [Doc. No. 29].

Borlay, individually and as next friend of minor child, D.B. But since then Falcon has learned that Ohio Security—not Liberty Mutual—was the property insurer of DAA Solutions at the time of the accident.

Falcon filed its original complaint for declaratory judgment on December 14, 2018. Falcon executed service on all defendants, but only Farmers answered. On January 2, 2020, Falcon moved for entry of default and for default judgment against the remaining defendants. The Court denied without prejudice Falcon's motion, explaining that Falcon needed to secure an entry of default directly from the Clerk before it could seek an entry of default judgment from the Court. Falcon filed its motion again and the Clerk entered default. Now, the Court considers Liberty Mutual's unopposed motion to set aside the entry of default [Doc. No. 27], Falcon's unopposed motion for leave to file its first amended complaint and request for declaratory judgment [Doc. No. 29], and Falcon's renewed motion for default judgment against the defaulting defendants [Doc. No. 24]. The Court considers each motion in turn.

II. Liberty Mutual's Motion to Set Aside Entry of Default

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause[.]"[3] To find good cause, courts in the Fifth Circuit "consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[4]

---

[3] FED. R. CIV. P. 55(c).

[4] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

The Fifth Circuit says these three factors are "not talismanic" and should be treated in the disjunctive.[5] Because they are not exclusive factors, the Fifth Circuit also looks to other factors, including whether "the defendant acted expeditiously to correct the default."[6] Regardless of what factors the Court considers, it is "imperative . . . that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[7]

Willful neglect is a threshold finding: "when the court finds an intentional failure of responsive pleadings there need be no other finding."[8] The "willfulness factor is reviewed under the 'excusable neglect' standard of Federal Rule of Civil Procedure 60(b)."[9] "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time."[10]

---

[5] *Matter of Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992) ("We perceive a variance among our circuit colleagues as to whether the court must consider and note its disposition of all three factors on the record. Decisions of three circuits may be read to require such consideration by the trial court. Others have treated the factors in the disjunctive. We find the latter course more persuasive." (citations omitted)).

[6] *Id.* at 184.

[7] *Id.*

[8] *Id.*

[9] *Reyelts v. Cross*, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013) (Cureton, M.J.) (citing *CJC Holdings, Inc v. Wright & Lato, Inc.*, 979 F.2d 60, 62 (5th Cir. 1992)). *See CJC Holdings, Inc.,* 979 F.2d at 64 ("[W]e suggest that district courts should use the less subjective excusable neglect standard in the future [when determining whether a party's conduct is willful]."). *See also, e.g., Heeling Sports Ltd. v. Paskey*, 2008 WL 4566479, at *1 (N.D. Tex. Oct. 10, 2008) (Boyle, J.) ("First, in determining whether a default is willful, the court considers whether there has been excusable neglect.").

[10] *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedures*, § 1165, at 533—34 (3d ed. 2002)).

It "encompasses 'late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]'"[11]

"Defaults are generally disfavored."[12] And "[u]nless it appears that no injustice results from the default, relief should be granted."[13] Furthermore, although "a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."[14] Informed "by equitable principles,"[15] the Court applies this legal standard in reviewing the motion to set aside the entry of default.

After weighing the relevant factors, the Court finds that there is good cause to set aside the default under Rule 55(c). Liberty Mutual alleges that due to a clerical error it was unaware that it had been sued by Falcon, and that it only became aware of the pending lawsuit when it received notice of Falcon's original motion for entry of default and for default judgment. Therefore, the Court finds that Liberty Mutual's failure to timely respond was not willful. And upon receiving notice, Liberty Mutual retained counsel and entered settlement negotiations, only to find itself responding to Falcon's new motion for entry of default and for default judgment. The day after Falcon filed its new motion and before the Clerk entered default against Liberty

---

[11] *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[12] *Koerner*, 910 F.3d at 225 (quotations omitted).

[13] *Id.*

[14] *United States v. One Parcel of Real Prop*, 763 F.2d 181, 183 (5th Cir. 1985).

[15] *Matter of Dierschke*, 975 F.2d at 184 (citing *Koen v. Berdsley*, 63 F.2d 595 (10th Cir. 1933)).

Mutual, Liberty Mutual asserted a meritorious affirmative defense in its answer to Falcon's new motion for entry of default and for default judgment: "Liberty is not a proper party to this action. The policy issued to DAA Solutions, LLC was not issued by Liberty but was issued by Ohio Security Insurance Company."[16] Furthermore, Falcon does not oppose the Liberty Mutual's motion to set aside the default.

As the Fifth Circuit has reminded district courts, the Federal Rules of Civil Procedure "are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[17] This situation is not extreme. These circumstances warrant a finding of good cause to set aside the entry of default.[18] For the foregoing reasons, the Court grants Liberty Mutual's unopposed motion to set aside the Clerk's entry of default.

### III. Falcon's Motion to Leave to File Its First Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires" when a party seeks to amend its complaint. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within

---

[16] Liberty Mutual's Original Answer to Plaintiff's Complaint and Request for Declaratory Judgment, at 4–5 [Doc. No. 25].

[17] *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[18] *See Matter of Dierschke*, 975 F.2d at 184 ("Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles.") (citing *Koen*, 63 F.2d 595)).

the discretion of the trial court."[19]  However, granting leave to amend is "by no means automatic."[20]  In deciding whether to grant leave to amend, the Court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[21]  Even so, Rule 15(a) and the other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome[.]"[22]

Considering these factors, the Court concludes that leave to amend should be granted.  Falcon's motion for leave to amend is its first.  The Court finds that Falcon's motion for leave to amend is made as a good-faith effort to join the correct defendant in place of Liberty Mutual, after receiving a confirmation that "DAA Solutions, LLC was insured by Ohio Security Insurance Company on the date of the incident," not by Liberty Mutual.[23]  Moreover, the appearing defendants do not oppose Falcon's motion for leave to amend.  And so, the Court finds no clear bad faith or prejudice in granting Falcon leave to amend its complaint.

---

[19] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[20] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

[21] *Id.*

[22] *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), overruled on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007)).

[23] Motion for Leave to Amend, at 4.

IV. Falcon's New Motion for Entry of Default and for Default Judgment

In its new motion for entry of default and for default judgment, Falcon asked the Clerk to enter default against the defendants who had yet to appear and then moved for the Court for default judgment against the defaulting defendants [Doc. No. 24].  The Clerk entered default, and so now the Court considers the request for default judgment.

Federal Rule of Civil Procedure Rule 55(b)(2) provides the standard for a default judgment in a case like this (including when, like here, a minor defendant is involved).  The Court also notes that when an action, like here, "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[24]  Otherwise, when "one of multiple defendants has defaulted, 'judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants[.]'"[25]

Here, all the alleged personal and property damages stem from the same incident.  And so, the Court declines to exercise its discretion to enter default judgment against the defaulting defendants, because there is the high likelihood that

---

[24] FED. R. CIV. P. 54(b).

[25] *Bank of America, NA v. Vandenburg*, 2020 WL 1640344, at *2 (N.D. Tex. Apr. 2, 2020) (Starr, J.) (quoting *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010)).  *See also Underwriters at Lloyds*, 2010 WL 5583118, at *2 (explaining that although the general rule to not grant final judgment as to some defendants is when there is alleged joint and several liability, the same reasoning "probably can be extended to situations in which several defendants have closely related defenses" (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Fed. Prac. and Proc. Civ. § 2690 (3d ed. 1998))).

each defendant has a similar defense to Falcon's original complaint as the dispute originates from the same nucleus of operative facts. Therefore, the Court denies Falcon's new motion for default judgment.

## V. Conclusion

In sum, the Court **GRANTS** Liberty Mutual's unopposed motion to set aside default [Doc. No. 27]. The Court **GRANTS** Falcon's unopposed motion for leave to file its first amended complaint [Doc. No. 29] and **DIRECTS** the Clerk to file Falcon's first amended complaint [Doc. No. 29-1]. Under Local Rule 7.1(e), the defendants will have 21 days to answer or otherwise respond to the complaint after it is filed. Finally, the Court **DENIES** Falcon's new motion for default judgment [Doc. No. 24].

**IT IS SO ORDERED** this 22nd of July 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE